UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ELIAS LOPEZ,

                              Plaintiff,

          -against-

HERO RIDER USA, LLC,

                            Defendant.
------------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

22-CV-1428 (RPK)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Elias Lopez commenced this action against Defendant Hero Rider USA, LLC, alleging product liability claims under New York law. (*See generally*, Compl. ECF No. 1.)[1] Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2. (*See generally* Mot., ECF No. 11.)[2] The Honorable Rachel P. Kovner referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] The motion includes Plaintiff's counsel's affirmation (ECF No. 11-1) ("Combs Decl.") and its exhibits ("Combs Decl., ECF No. ___"); and (2) Affidavit of Service (ECF No. 12.). Notably, the motion does not include a memorandum of law even though the local rules of this court require one. *See* Loc. Civ. R. 7.1(a). The Court may deny a motion that does not comport with the requirements of Rule 7.1, but is not required to do so. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ)(RER), 2015 WL 5561033, at *2 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). In this case, the Court will exercise its discretion to excuse Plaintiff's counsel's failure, particularly where, as here, counsel's affidavit includes some legal analysis, the supporting documents include facts to support the requested relief, and counsel submitted additional legal authority in response to the Court's directive. (*See* Pl. Ltr., ECF No. 15.)

I.      **BACKGROUND**

The Complaint alleges the following facts, which are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015). Plaintiff is an individual who resides in Brooklyn, New York. (Compl., ECF No. 1 ¶ 5.)[3] Defendant, a Florida-based limited liability company, transacts business in New York state by marketing and selling its products within the state. (*Id.* ¶¶ 6–7, 9, 12.)

Defendant designed, manufactured, marketed, sold, and distributed the Hero S8 800W Scooter ("Hero S8 Scooter"), a two-wheel motorized vehicle powered by an electronic motor that can accelerate to a maximum speed of thirty miles per hour. (*Id.* ¶ 10–11.) A rider of the Hero S8 Scooter stands on a footboard while gripping handlebars that are connected to the footboard via a metal stem. (*Id.* ¶ 11.) In April 2021, Defendant sold a Hero S8 Scooter to Vincenzo Russo, who purchased that scooter for Plaintiff using Plaintiff's money. (*Id.* ¶ 10.) On February 8, 2022, while Plaintiff was riding the Hero S8 Scooter in Queens, New York, the metal stem of the Hero S8 Scooter broke, causing him to fall to the ground and suffer personal injuries. (*Id.* ¶ 1, 24.)

Plaintiff commenced the action on March 15, 2022, asserting claims of negligence, breach of warranty, breach of implied warranty of merchantability, and strict products liability under New York law. (Compl., ECF No. 1.) On March 18, 2022, Plaintiff served the summons and complaint on a manager at Defendant's private mailbox, identified as "Amy Sobert." (Pl.

---

[3] The Complaint uses ordinal numbers for each paragraph (*e.g.*, "FIRST," "SECOND," etc.) The Court uses cardinal numbers for ease of reference (*e.g.*, "1", "2", etc.)

Aff. of Service, ECF No. 6.)  After Defendant failed to answer or otherwise appear in this action, the Clerk of Court entered a certificate of default against it.  (Entry of Default, ECF No. 10.)

On December 27, 2022, Plaintiff moved for entry of default judgment, seeking an inquest on damages.  (*See generally* Mot., ECF No. 11.)  Judge Kovner referred the motion for report and recommendation.  (Dec. 28, 2022 Order Referring Mot.)  At a motion hearing on August 23, 2023, Plaintiff's counsel appeared; Defendant did not.  (Aug. 23, 2023 Minute Entry.)  Plaintiff submitted supplemental briefing on the motion in response to the Court's directive.  (Pl. Ltr., ECF No. 15.)

To date, Defendant still has not appeared in the case or responded to Plaintiff's motion.

## II.     STANDARDS FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021).

The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)

3

(internal quotation and citation omitted). A court may enter default judgment if the plaintiff establishes liability as a matter of law when the factual allegations of the complaint are taken as true. *Bricklayers*, 779 F.3d at 187. The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (internal quotations and citation omitted).

### III. JURISDICTION AND VENUE

#### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's state law claims because the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB)(JMW), 2022 WL 3648622, at *3 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012)). The Complaint alleges that Plaintiff is a resident of New York, and that Defendant's sole member, Vitaliy Kharkovets, is a citizen of Florida. (Compl., ECF No. 1 ¶¶ 5, 8.) Because the citizenship of an LLC for diversity purposes is the citizenship of each of its members, Defendant is a resident of Florida. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Further, the Complaint sufficiently pleads the amount in controversy because Plaintiff demands five million dollars for multiple types of damages. (Compl., ECF No. 1 ¶¶ 56–57.) Thus, Plaintiff satisfies the requirements for subject matter jurisdiction.

### B. Service of Process

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). "For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora, LLC v. Valencia*, No. 19-CV-4147 (NGG)(RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *adopted by* 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020) (quotation marks and citations omitted).

A limited liability company may be served in a manner prescribed for serving an individual, including "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff served Defendant pursuant to Florida law because Defendant is registered as an active limited liability company with the Florida Department of State, Division of Corporations. (Combs. Decl., ECF No. 11-1 at 3 ¶¶ 9–10.) Under Florida law, "[i]f the address for the registered agent . . . is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by serving" the registered agent, member, or manager in accordance with Section 48.031. Fla. Stat. § 48.062(4). In turn, Section 48.031 provides that service may be made by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper." Fla. Stat. § 48.031(1)(a). Plaintiff submitted evidence showing that the process server delivered the summons and complaint to the manager at Defendant's private mailbox location, which is the same as the address listed for Defendant

5

on the Florida Department of State website. (*See* Pl. Aff. of Service, ECF No. 6; *see also* Combs Decl. Ex. C, ECF No. 11-3.) Therefore, service of process was proper.

    **C.**    **Venue**

"[A] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, a substantial part of the events giving rise to the claims occurred in this district because Plaintiff's injuries allegedly occurred while he was riding the Hero S8 Scooter in Queens, New York. (Compl., ECF No. 1 ¶ 24.)

**IV.**    <u>**DEFAULT JUDGMENT FACTORS**</u>

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *United States v. Ireland*, No. 15-CV-3397 (JS)(AYS), 2016 WL 5376248, at *4 (E.D.N.Y. Aug. 8, 2016), *adopted by* 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346

6

(DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). As noted above, Plaintiff properly served the summons and Complaint on Defendant on March 16, 2021. (Pl. Aff. of Service, ECF No. 6.) Despite being properly served, Defendant failed to answer or otherwise respond to the Complaint. Moreover, Defendant was also notified of the pending motion and failed to respond. (Order, ECF No. 13; Aff., ECF No. 14.) Defendant's conduct therefore demonstrates willfulness.

Second, without an answer to the complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021). As noted, Defendant has failed to answer or provide any defense to Plaintiff's claims. Accordingly, a default is warranted.

Third, Plaintiff will be prejudiced if the motion for default judgment is denied because it has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, "without the entry of a default judgment, Plaintiff would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (cleaned up).

Based on the foregoing, entry of default judgment is permissible. The Court now turns to the issue of liability.

## V.  LIABILITY

The operative claims in the Complaint[4] are strict products liability, negligence, and breach of implied warranty of merchantability. (*See generally* Compl., ECF No. 1 ¶¶ 10–22, 40–54.) In this diversity action, the Court applies the substantive law of New York, where this district is located. *See Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415 (2d Cir. 2006).

### A.  Strict Products Liability

In the fourth cause of action, Plaintiff alleges that Defendant is liable for strict products liability. (*See* Compl., ECF No. 1 ¶¶ 47–54.) To prevail in a strict products liability action, the plaintiff need only prove (1) "that the product was defective," and (2) "that the defect was a substantial factor in bringing about the injury." *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 506 (E.D.N.Y. 2019) (citations omitted). Three types of product defects are actionable under New York law: "'(1) a manufacturing defect, which results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm; (2) a warning defect, which occurs when the inadequacy or failure to warn of a reasonably foreseeable risk accompanying a product causes harm; and (3) a design defect, which results when the product as designed is unreasonably dangerous for its intended use.'" *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 152 (N.D.N.Y. 2020) (quoting *McCarthy v. Olin Corp.*, 119 F.3d 148, 154–55 (2d Cir. 1997)). Plaintiff alleges liability as to all three theories.

---

[4] Plaintiff withdrew the breach of warranty claim in the Second Cause of Action after the Court pointed out that the Complaint did not allege Plaintiff's timely notice of the alleged breach. (*See* Aug. 23, 2023 Min. Entry (citing *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 100 (2d Cir. 2023); Pl. Ltr., ECF No. 15 at 1.) The Court therefore respectfully recommends that the breach of warranty claim should be dismissed as withdrawn.

### 1. Manufacturing Defect

"Strict liability is imposed for a manufacturing flaw or defect that renders the product not reasonably safe and is the proximate cause of injury." *Astoria Energy II LLC v. HH Valves Ltd.*, No. 17-CV-5724 (ENV)(RER), 2021 WL 7830144, at *4 (E.D.N.Y. Feb. 12, 2021) (citation omitted), *adopted by* Order Adopting Rep. & Recs*., Astoria Energy II LLC v. HH Valves Ltd.*, No. 17-CV-5724 (ENV)(RER) (E.D.N.Y. Mar. 17, 2021).  Accordingly, "[t]o state a claim for manufacturing defect under theories of strict liability, negligence, or breach of warranty, the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury." *Williamson v. Stryker Corp.*, No. 12-CV-7083 (CM), 2013 WL 3833081, at *4 (S.D.N.Y. July 23, 2013) (citation omitted).

Here, Plaintiff has pleaded sufficient facts to state a manufacturing defect claim based on the Hero S8 Scooter's failure to perform as intended. *Zsa Zsa Jewels*, 419 F. Supp. 3d at 506 ("the harm arises from the product's failure to perform in the intended manner due to some flaw in the fabrication process") (citing *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 257 n.3 (N.Y. 1995)). The Complaint claims that Defendant defectively manufactured the Hero S8 Scooter, including the metal stem that connects the handlebars to the footboard. (Compl., ECF No. 1 ¶¶ 30, 48–49.) The Complaint further alleges that the metal stem "suffered a catastrophic failure" while Plaintiff was riding the Scooter, and that he fell and suffered "personal injuries" as a result. (Compl., ECF No. 1 ¶¶ 11, 24.) The Complaint also states the Scooter was being used "for the purpose and in the manner intended" and that the accident and resulting injury happened "without any fault, negligence, or culpable conduct" by Plaintiff. (*Id.* ¶¶ 25, 52.) At this stage of the pleadings, the Court accepts these allegations as true and construes all

inferences in Plaintiff's favor. *See Finkel*, 577 F.3d 79 at 84. Accordingly, Plaintiff has sufficiently alleged causation for the manufacturing defect.

### 2. Design Defect

"A claim premised upon a defective design theory requires that Plaintiff show: (1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing Plaintiff's injury." *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 888 (E.D.N.Y. 2018), *adhered to on reconsideration*, No. 18-CV-334 (SJF)(SIL), 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019) (citing, *inter alia*, *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106 (N.Y. 1983)). "In the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants." *Zsa Zsa Jewels*, 419 F. Supp. 3d at 510 (collecting cases).

The Complaint does not plead that it was feasible to design the Hero S8 Scooter in a safer manner, which proves fatal to Plaintiff's claim under the primary theory of design defect liability. *See Oden*, 330 F. Supp. 3d at 888–89. However, the Complaint alleges that, on February 8, 2022, Plaintiff operated the Hero S8 Scooter for the purpose and in the manner intended, yet by then the Hero S8 Scooter was in an unsafe condition and was not fit for the intended purpose—to wit, for the rider to grip the handlebars to which the metal stem was attached. (Compl., ECF No. 1 ¶¶ 11, 26–27.) The Complaint further alleges that Plaintiff's accident resulted from the metal stem's failure and that his injuries were due to Defendant's actions and not because of Plaintiff's conduct. (*Id.* ¶¶ 25, 52.) These allegations are sufficient to state a claim for design defect under the circumstantial evidence standard because:

10

> This doctrine recognizes that, generally, in the absence of a defect, chairs do not suddenly collapse,[] bicycles do not randomly snap apart,[] and kitchen appliances do not spontaneously combust.[] When such extraordinary events occur, the factfinder may infer that there was *something* wrong with the product, even if the precise mechanism at fault cannot be identified.

*Zsa Zsa Jewels*, 419 F. Supp. 3d at 510 & nn.12–14 (collecting cases). The same doctrine applies to motorized scooters, the metal stems of which do not suddenly fail without some component being defective. At this procedural posture, with all inferences drawn in his favor, Plaintiff sufficiently alleges a defect in the design of the Hero S8 Scooter.

### 3. Failure to Warn

"Under New York law, to support a manufacturer's liability for failure to warn a plaintiff must show that: (1) the manufacturer had a duty to warn; (2) the manufacturer breached the duty to warn in a manner that rendered the product defective, i.e., reasonably certain to be dangerous; (3) the defect was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered loss or damage." *Astoria Energy*, 2021 WL 7830144, at *7 (citation omitted). A manufacturer has a duty to warn (1) against latent dangers resulting from foreseeable uses of its product of which it knew or should have known, and (2) the danger of unintended uses of a product provided these uses are reasonably foreseeable. *Bee v. Novartis Pharm. Corp.*, 18 F. Supp. 3d 268, 283 (E.D.N.Y. 2014) (citing *Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 237 (N.Y. 1998)).

The Complaint alleges that Defendant designed and manufactured the defective Hero S8 Scooter but failed to warn regarding "its inherent dangers" – i.e., that the Hero S8 Scooter's metal stems suffered failures similar to Plaintiff's Scooter—even though they knew about these defects. (Compl., ECF No. 1 ¶¶ 30, 48–49.) As noted above, Plaintiff was using the Hero S8 Scooter for a foreseeable purpose. (*Id.* ¶ 52.) According to the Complaint, Defendant

11

failed to advise him about any defect and, as a result, he was injured while riding a Hero S8 Scooter. (Compl., ECF No. 1 ¶¶ 1, 24, 30.) These allegations are sufficient to establish Defendant's liability for failure to warn.

### B. Negligence

In the first cause of action, Plaintiff alleges that Defendant is liable for negligence. (Compl., ECF No. 1 ¶¶ 26–32.) "A cause of action in negligence will lie where it can be shown that a manufacturer was responsible for a defect that caused injury, and that the manufacturer could have foreseen the injury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 86 (2d Cir. 2006) (citing *Robinson v. Reed–Prentice Div. of Package Mach. Co.*, 49 N.Y.2d 471, 426 N.Y.S.2d 717, 720–21, 403 N.E.2d 440 (N.Y. 1980)). Therefore, "[t]o make out a prima facie case for negligence in New York, a plaintiff has the burden to show (1) that the manufacturer owed plaintiff a duty to exercise reasonable care; (2) a breach of that duty by failure to use reasonable care so that a product is rendered defective, *i.e.* reasonably certain to be dangerous; (3) that the defect was the proximate cause of the plaintiff's injury; and (4) loss or damage." *Astoria Energy*, 2021 WL 7830144, at *9 (citing *Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 406 (S.D.N.Y. 2013)).

Because the Court has already found that Plaintiff adequately alleged design and manufacturing defect claims for strict liability against Defendant, Plaintiff's negligence theory may prevail as well so long as the Complaint contains allegations that Defendant's conduct was wrongful, *i.e.* that Defendant failed to use reasonable care in designing or manufacturing the Hero S8 Scooter. *Hunter*, 505 F. Supp. 3d 137 at 156–57. The Complaint claims that "injuries to Plaintiff were caused solely by reason of the carelessness and negligence on the part of the Defendant, its subsidiaries, agents, servants and/or employees, in the design, testing,

manufacturing, sale, inspection or marketing" of the Hero S8 Scooter, including the stem. (Compl., ECF No. 1 ¶ 30.) As noted above, the Complaint also claims that Defendant was aware of the Hero S8 Scooter stems being defectively manufactured and of the Scooter posing an unreasonable risk of harm to its foreseeable users due to defects in its design and manufacture. (*Id.*) As a result of Defendant's conduct, the Complaint asserts, "Plaintiff became sick, sore, lame, and disabled; sustained severe and painful injuries to his body, limbs, health, nerves and nervous system" and had to "undergo medical treatment in endeavoring to be cured of his aforementioned injuries." (*Id.* ¶ 31.)

For these reasons, the Court respectfully recommends that default judgment should be entered against Defendant for negligence as set forth in the first cause of action.

### C. Breach of Implied Warranty of Merchantability

In the third cause of action, Plaintiff alleges that Defendant is liable for breach of implied warranty of merchantability. (Compl., ECF No. 1 ¶¶ 40–46.) "Under New York law, implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection." *Morrison v. Hoffmann-La Roche, Inc.*, No. 14-CV-4476 (DLI)(RML), 2016 WL 5678546, at *10 (E.D.N.Y. Sept. 29, 2016) (citing *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013)). "Although a cause of action for breach of warranty is a contractual remedy . . . which seeks to provide the parties with the benefit of their bargain, a warranty extends to a person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." *Nemes v Dick's Sporting Goods, Inc.*, 521 F. Supp. 3d 328, 342 (S.D.N.Y. 2021) (quoting *Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 681–82 (E.D.N.Y. 2013)). "To state a plausible claim for

13

breach of the implied warranty of merchantability, therefore, a plaintiff must allege: (1) that the product was defectively designed or manufactured; (2) that the defect existed when the manufacturer delivered it to the purchaser or user; and (3) that the defect is the proximate cause of the harm." *O'Neil v. Argon Med. Devices, Inc.*, No. 17-CV-640 (DNH)(TWD), 2020 WL 1149904, at *9 (N.D.N.Y. Feb. 13, 2020), *adopted by* 2020 WL 1140511 (N.D.N.Y. Mar. 9, 2020).

Here, as with the strict liability and negligence claims, Plaintiff has pleaded sufficient facts to state a breach of implied warranty of merchantability claim based on the Scooter's failure to perform as intended. *Id.* Plaintiff sufficiently stated a strict liability claim under a manufacturing defect theory—to wit, the Complaint alleges that the defect in the Hero SW8 Scooter's stem existed when the manufacturer delivered the Scooter to Russo, the purchaser, and, as a result, the defect is the proximate cause of Plaintiff's injuries and medical treatment. (Compl., ECF No. 1 ¶¶ 10-25, 42-44.) These allegations are also sufficient to plead a breach of implied warranty of merchantability claim.

## VI. CONCLUSION

For the reasons stated above, the Court respectfully recommends that Plaintiff's motion for default judgment should be **granted.** Specifically, (1) default judgment should be entered against Defendant as to the negligence, breach of implied warranty of merchantability, and strict products liability claims in the first, second, and fourth cause of action; and (2) the breach of warranty claim in the second cause of action should be dismissed as withdrawn. The Court further recommends that Plaintiff should be directed to move for damages within 30 days after the adoption of this Report and Recommendation, if it is adopted in whole or in part, and that the motion should comply with Local Civil Rules 7.1 and 55(c).

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendant at the following addresses forthwith: (1) Hero Rider USA LLC, 6441 S. Chickasaw Trail #115, Orlando, FL 32829; and (2) Hero Rider USA LLC, c/o Agent: Vitaliy Kharkovets, 6441 S. Chickasaw Trail #115, Orlando, FL 32829.

Within 14 days after service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kovner. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 26, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge